## NANCY HOOPER, Administratrix and Tutrix, *v.* JAMES S. RHODES et al.

A plea of compensation, urged as matter of defence, and rejected by the court, cannot, in a subsequent action, be made the basis of an injunction to restrain an execution on the former judgment.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *George S. Lacy*, for plaintiff. *A. M. Dunn*, for defendant. By the court:

18

SLIDELL, J.    This injunction suit is an attempt to renew, in another form, a plea in compensation which was rejected by this court in *Rhodes et al.* v. *Hooper*, 5th Ann. 357, the decree, in which case, *Rhodes et al.* were attempting to enforce by *fieri facias* when they were arrested by the present injunction.

The district court did not err in dissolving the injunction, so far as it rested upon the alleged right of compensation.

Another ground for the injunction, set up by *Mrs. Hooper*, was, that she had deposited in the hands of the clerk a sum of money equal to the amount of the judgment obtained by *Rhodes et al.*, in the case cited, less the portions due by them to her by reason of her payment of the Union Bank mortgage, which is spoken of in the decree in that cause, and was the subject of the plea in compensation, which we then refused to entertain.

We have considered the terms of the deposit, the correspondence between the attorneys of the parties, and all the circumstances of the matter as disclosed by the evidence, and are of opinion that it would be improper to disturb the conclusion of the district judge, who thought the judgment creditor was not estopped from issuing his execution for the balance of the judgment, by receiving the amount deposited in court.

Judgment affirmed ; the costs of appeal to be paid by the appellant.